IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ISAAC WEST, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| DEBRA SAUERS, et al., | : | NO. 12-cv-274 |
| Respondents. | : | |

**MEMORANDUM ON PETITION FOR WRIT OF HABEAS CORPUS**

**Baylson, J.**                                                                              **January 3, 2013**

Presently before the Court is a Report and Recommendation issued by Magistrate Judge Arnold C. Rapoport, denying Jason West's *pro se* Petition for a Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2254. (ECF 14). Upon independent and thorough review, and for the reasons stated below, the Court will affirm the Report and Recommendation and dismiss the Petition.

## I. Factual and Procedural History

On January 7, 2005, Jason West was convicted for first degree murder, attempted murder, aggravated assault, and several weapons offenses, in the Court of Common Pleas of Montgomery County, Pennsylvania. On August 31, 2005, he was sentenced to life imprisonment with a consecutive term of seven and a half to fifteen years' imprisonment.

West filed post-sentence motions for a new trial. After several hearings, the court denied the motions on March 9, 2006. West filed a timely appeal to the Pennsylvania Superior Court on April 5, 2006, raising the following claims: (1) the trial court erred in denying West's motion to suppress a written statement; (2) the trial court erred in preventing the jury from knowing that

one of the victims had a reputation for criminal violence; (3) the trial court erred in preventing the jury from knowing that a prosecution witness, Petitioner's brother, Joshua West, had been incarcerated as a material witness prior to trial; and (4) the trial court erred in denying West's motion to sever the charge regarding unlicensed possession of a firearm. The Superior Court affirmed the judgment of conviction and sentence on November 28, 2006. Comm. v. West, 929 EDA 2006 (Pa. Super. Nov. 28, 2006). The Pennsylvania Supreme Court denied West's petition for allowance of appeal on July 31, 2007. Comm. v. West, 1074 MAL 2006 (2007) (ECF 12, Ex. D).

On July 22, 2008, West filed a *pro se* petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, in the Court of Common Pleas of Montgomery County. He alleged prosecutorial misconduct, ineffective assistance of counsel at trial, and other issues.[1] The court appointed Gregory Nester, Esquire, to serve West's counsel in the PCRA proceedings. Nester reviewed the record, consulted with West and West's family, and investigated several matters. On October 30, 2009, he filed a "no merit" letter pursuant to Commonwealth v. Finley, 500 A.2d 213 (Pa. Super. 1988). The Court of Common Pleas conducted an independent review and on November 27, 2009, dismissed West's PCRA petition without a hearing.

West filed a notice of appeal in the Pennsylvania Superior Court on December 28, 2009. Two days later, the Court of Common Pleas ordered West to file a concise Statement of Matters Complained of, pursuant to Pa. R. A. P. § 1925(b), within 21 days. The order contained specific

---

[1] Specifically, West raised five issues in the PCRA petition: prosecutorial misconduct; lack of jurisdiction; failure to poll the jury; ineffective assistance of counsel due to his failure to advise West not to testify at trial, his failure to impeach Joshua West and request a certain jury instructions as to West, and his failure to call Marquis Mosley as a defense witness; and several errors by the trial court. (ECF 12, Ex. E, pps. 3-11).

2

instructions regarding how West should "file" (with the court) and "serve" (on the judge) the Statement. The order provided:

> Appellant is hereby DIRECTED to:
>     (a) file with the Officer of the Clerk of Courts a Concise Statement of Matters Complained of with regard to the instant appeal to the Superior Court of Pennsylvania within 21 days from the date of this Order;
>     (b) concurrent with the filing of said Statement, Appellant shall serve a copy of said Statement on the undersigned;
>     (c) failure to timely file and serve said Statement shall be deemed a waiver of all claimed errors; and
>     (d) any issues not properly included in the Statement timely filed and served shall be deemed waived.

(ECF 12, Ex. H). There is no record that West ever filed a Section 1925(b) Statement with the Court of Common Pleas. On February 9, 2010, the Court of Common Pleas issued an opinion stating that "[o]n December 30, 2009 . . . we directed Appellant to file and serve upon this Court a concise statement of matters complained of," and "[s]aid statement was subsequently received on January 25, 2010." Comm. v. West, 50 EDA 2010, at 2 (Pa. Ct. Common Pleas, Feb. 9, 2010). Accordingly, it does appear West sent the trial judge a copy of the Statement. In the February 9, 2010 opinion, the court analyzed the merits of West's PCRA petition and recommended "that the decision to dismiss Appellant's PCRA Petition be AFFIRMED." Id. at 13.

On March 4, 2011, West filed a *pro se* appeal from the order dismissing his PCRA petition in Pennsylvania Superior Court. (ECF 12, Ex. J). His brief raised the following claims: (1) the Court of Common Pleas erred in dismissing West's PCRA petition without a hearing; (2) West was entitled to a new trial due to after-discovered evidence; (3) West's trial counsel was ineffective in failing to advise West of the risks involved with testifying and in failing to call certain witnesses, including Marquis Mosley, at trial; and (4) West's PCRA counsel was ineffective in not requesting an evidentiary hearing. On October 18, 2011, the Superior Court

3

affirmed the denial of West's PCRA petition. The Superior Court rested its decision on a state procedural rule, concluding that West had waived all claims he was now attempting to raise on appeal because he did not file a Statement of Matters Complained with the Court of Common, as had been ordered. Comm. v. West, 50 EDA 2010, at 3 (Pa. Super. Oct. 18, 2011) ("On December 30, 2009, the court ordered appellant to file a concise statement of errors complained of on appeal. No such statement appears in the record, nor is there a docket entry noting the filing of a concise statement. Nonetheless, the trial court's February 12, 2010 [sic] opinion states that a concise statement was received on January 25, 2010. Under these circumstances, we find that appellant has waived all of his issues. The failure to file a concise statement with the court, even where a copy is served on the trial judge and an opinion addressing the issues has been drafted, serves to waive all issues on appeal."). West did not file a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania.

On January 17, 2010, West filed a Petition for a Writ of Habeas Corpus with this Court. (ECF 1). The Petition makes four arguments: (1) ineffective assistance of trial counsel for failing to interview or call Marquis Mosley as a witness; (2) ineffective assistance of trial counsel for failing to impeach the testimony of Joshua West, a witness for the prosecution, and failing to request certain jury instructions regarding West's testimony; (3) ineffective assistance of direct appeal counsel for failing to raise the issue of inadequate jury instructions regarding Josh West's testimony; and (4) ineffective assistance of direct appeal counsel for failing to raise a claim of error regarding a ruling on the admissibility of a prosecution witness's convictions and pending criminal judges. On March 19, 2012, West filed a Motion to Amend his habeas Petition and add an additional claim for why his direct appeal counsel was ineffective. This Court referred the matter to Magistrate Judge Rapoport for a Report and Recommendation ("R&R").

4

## II. The Report & Recommendation

Judge Rapoport filed an R&R on July 13, 2012, recommending that West's Motion to Amend be denied, that his Petition be dismissed, and that no Certificate of Appealability be issued. (ECF 14).

First, Judge Rapoport recommended denial of the Motion to Amend because he concluded West's new claim regarding ineffective assistance of direct appeal counsel was time-barred. Federal habeas petitioners have one year to file their petitions after the latest date set forth by 28 U.S.C. § 2244(d)(1). Subsection (d)(1)(A), the part of Section 2244 applicable here, provides that the 1-year limitations period begins to run on the date the petitioner's "judgment bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). Judge Rapoport concluded West's conviction became final on October 30, 2007 – 90 days after July 31, 2007, when the Pennsylvania Supreme Court had denied his petition to appeal, Comm. v. West, 1074 MAL 2006 (2007), because that was when the time for seeking review in the United States Supreme Court had expired. See S. Ct. R. 13(a) (stating petitioners have 90 days to file a petition for a writ of certiorari in the U.S. Supreme Court). Judge Rapoport calculated that the limitations period was tolled between July 22, 2008 and November 17, 2011, when West's PCRA petition was being adjudicated, and subsequently expired on February 24, 2012. Given that West's Motion to Amend was filed several days later, on March 16, 2012, Judge Rapoport concluded it was time-barred.

Second, Judge Rapoport recommended dismissal of West's federal habeas Petition because he concluded that all four claims contained in the Petition were procedurally defaulted. Three claims were defaulted because West failed to exhaust them in state court and the time to press such claims had expired. Namely, West's arguments regarding ineffective assistance of

5

trial counsel for failing to request certain jury instructions as to Joshua West, and his two arguments regarding ineffective assistance of direct appeal counsel, had not been raised in the PCRA petition or proceedings. Pennsylvania law provides a 1-year statute of limitations from the date on which a petitioner's conviction becomes final to file a PCRA petition. See 42 P.a.C.S.A. § 9545(b)(1). Given that West's conviction became final in October 2007, "any PCRA petition that he might now attempt to file [in order to press his new claims in state court] would be untimely." (ECF 14, at 14).

Judge Rapoport found that the fourth claim in West's federal habeas Petition – ineffective assistance of trial counsel for failing to interview and call Marquis Mosley as a witness – was procedurally defaulted because it had been waived under Pennsylvania law. While West attempted to raise this claim in Pennsylvania Superior Court in his PCRA appeal, the Superior Court ruled it was waived because West failed to comply with the Court of Common Pleas' order to file a Statement of Matters Complained Of. According to Judge Rapoport, the Superior Court's decision was a valid application of a "firmly established" and "regularly followed" state rule of procedure, and that rule had provided an "independent and adequate basis for [the court's] determination." (ECF 14, at 15). Accordingly, West's fourth claim was procedurally defaulted for the purposes of federal habeas review.

Finally, Judge Rapoport recommended that no Certificate of Appealability be issued.

### III. Petitioner's Objection to the Report and Recommendation

Petitioner filed timely a Objection to the Report and Recommendation on July 30, 2012. (ECF 17). In the Objection, he asserts there are two "causes to excuse any procedural default" of his claims. First, West contends he made efforts to mail his Statement of Matters Complained of to both the trial judge and the Court of Common Pleas in a timely manner, but the copy for the

court never arrived. (ECF 17, p.8). He attaches a document entitled "Petitioner's Concise Statement of Matters Complained of For Purposes of Appeal," as well as two "Cash Slips" from the Department of Corrections of the Commonwealth of Pennsylvania. The Cash Slips are dated January 20, 2010 and addressed to "Judge Richard J. Hodgson Mont Co Court" and to "Superior Court." (ECF 17, Ex. D). West claims these documents "verif[y] that a 1925(b) statement was mailed to the Judge and court, Dated January 20, 2010." (ECF 17, p.8). West invokes the prisoner mailbox rule, a doctrine that forgives prisoners when their correspondence is tardy due to forces beyond their control, to excuse any error in the delivery of his mailings.

The second reason West contends the procedural default of his claims should be excused is that his counsel was ineffective during the time in question. West explains that "at the time of the filing of the no-merit letter and the mailing of the notice of intent to dismiss," he was in the process of obtaining new counsel. (ECF 17, p.9). He retained Attorney Howard Goldman, and promptly requested that Goldman amend the Section 1925(b) Statement West had submitted to add "specificity" to the issues raised therein. Goldman never amended the Statement. Accordingly, West argues, he ended up waiving "meritorious" issues in Pennsylvania Superior Court due to his counsel's ineffective performance, and he should not be punished in this Court for his attorney's error.

### IV. Standard of Review

In cases concerning Section 2254 petitions, a district court shall review *de novo* those portions of the Report & Recommendation to which the petitioner has specifically objected. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of the portions of the report . . . to which objection is made."); see also Fed. R. Civ. P. 72. When reviewing documents filed *pro se*, a court must keep in mind that such documents are to be liberally

construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). The district court may accept, reject, or modify the magistrate judge's findings. 28 U.S.C. § 636(b)(1).

V.  **Discussion**

    **A. Legal Standards**

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners must exhaust available remedies in state court before filing a petition for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ."). "The exhaustion rule requires applicants to 'fairly present' federal claims to state courts before bringing them in federal court." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) (citation omitted). Once a claim is exhausted, AEDPA further precludes federal courts from revisiting it unless one of two situations is present: (1) the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the Untied States"; or (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(1)&(2); see Williams v. Taylor, 529 U.S. 362 (2000); Fountain v. Kyler, 420 F.3d 267, 272-73 (3d Cir. 2005). Otherwise, claims that have been litigated and reasonably decided on the merits in a state court are not reviewed by federal habeas courts.

Unexhausted claims are also foreclosed from review in a Section 2254 proceeding, even if the petitioner's failure to exhaust the claim is due to his or her procedural error under state law. This is the Coleman v. Thompson doctrine. It provides that if a petitioner fails to comply with a

8

state procedural rule such that his claim becomes procedurally barred from state court review, that claim will also be "procedurally defaulted" on federal habeas review. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) ("[If] a petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would not find the claims procedurally barred . . . there is procedural default for the purposes of federal habeas[.]"). For Coleman to apply, the "state rule must have been announced prior to its application in the petitioner's case and must have been 'firmly established and regularly followed.'" Abu-Jamal v. Horn, 520 F.3d 272, 287 (3d Cir. 2008) (citation omitted). Additionally, the state procedural rule must supply an "adequate and independent" ground to the state court decision declining to review the petitioner's claim. Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2006) (citation omitted). If these qualifications are met, federal habeas petitioners will be penalized for their procedural default in state court. Only if the petitioner can establish "cause and prejudice" or a "fundamental miscarriage of justice," will his default be excused. Id. at 750; McCandless, 172 F.3d at 260.

    **B. Whether the Claims in West's Section 2254 Petition are Procedurally Defaulted**

Applying these doctrines here, the Court concludes that all of the claims contained in West's Petition are procedurally defaulted. Claims 3 and 4 are defaulted because they were not exhausted in state court and the time for raising them in that forum has now expired. Claims 1 and 2 are defaulted because West failed to follow a well-established Pennsylvania rule of procedure, Pa. R. App. P. § 1925(b), and therefore waived these claims in the Pennsylvania Superior Court. As a result, West's Petition should be dismissed.

    1. Claims 3 and 4 in the Petition

In Claim 3, West argues his direct appeal counsel was ineffective for failing to raise the issue of the inadequacy of the jury instructions regarding Joshua West. In Claim 4, he argues his direct appeal counsel was ineffective for failing to raise a claim of error regarding the trial court's decision on the admissibility of a prosecution witness's criminal history. Both errors, he contends, violated his Sixth Amendment rights.

Claims 3 and 4 are procedurally defaulted because West did not exhaust them in state court. During both the direct appeal of his state court conviction and during his PCRA proceedings, West failed to make any mention of problems relating to his direct appeal counsel.[2] AEDPA's "exhaustion requirement" demands that applicants "'fairly present' federal claims to state courts before bringing them in federal court." McCandless, 172 F.3d at 260. If a petitioner does not exhaust a claim, he cannot raise it on federal habeas review. West did not exhaust Claim 3 or 4 in state court and his time for raising either claim in that forum has expired. See 42 P.a.C.S.A. § 9545(b)(1) (providing a 1-year limitations period after a defendant's conviction becomes final to file a PCRA petition). Accordingly, Claims 3 and 4 are procedurally defaulted.

2. Claims 1 and 2 in the Petition

In Claim 1, West contends his trial counsel was ineffective for failing to interview or call Marquis Mosley as a witness at trial. In Claim 2, he argues his trial counsel was ineffective for failing to impeach Joshua West and failing to request certain jury instructions. Both errors, he alleges, violated his Sixth Amendment rights.

---

[2] None of the claims in West's PCRA Petition pertained to the effectiveness of West's direct appeal counsel. See supra note 1. In his PCRA appeal, West also did not raise the effectiveness of his direct appeal counsel. Rather, his claims in the appeal dealt with the trial court's dismissal of the PCRA petition without a hearing; with whether Joshua West's recantation testimony entitled him to a new trial; with the effectiveness of West's trial counsel; and with the effectiveness of West's PCRA counsel. (ECF 12, Ex. J, p.4). Even the document West attaches to his Objections – the Statement of Matters Complained Of – makes no mention of errors by his direct appeal counsel. (ECF 17, Ex. D).

10

Although this is not the first time West has presented these claims – he included both in his PCRA petition, see ECF 12, Ex. E, pps. 3-11, and he included the Mosley claim in his PCRA appeal, see ECF 12, Ex. J – they are nonetheless procedurally defaulted under Coleman v. Thompson. On December 30, 2009, the Court of Common Pleas ordered West to file a Statement of Matters Complained of pursuant to Pa. R. A. P. § 1925(b) within 21 days. It directed him to both "file [the Statement] with the Officer of the Clerk of Courts" and "serve a copy of said Statement on the undersigned [namely, the judge]." (ECF 12, Ex. H). The order also stated: "[F]ailure to timely file and serve said Statement shall be deemed a waiver of all claimed errors; and any issues not properly included in the Statement timely filed and served shall be deemed waived." (ECF 12, Ex. H). But West did not comply with the order. While he appears to have sent the Statement to Judge Hodgson, he never filed it with the trial court. Comm. v. West, 50 EDA 2010, at 3 (Pa. Super. Oct. 18, 2011) ("No such statement appears in the record, nor is there a docket entry noting the filing of a concise statement."). Even the "Cash Slips" West attaches to his Objection point to his error – the slips list "Judge Richard J. Hodgson" and the "Superior Court" as the intended recipients, *not* the Court of Common Pleas.

The Pennsylvania Superior Court concluded that West's failure to file the Section 1925(b) Statement with the Court of Common Pleas resulted in a waiver of those claims. Comm v. West, 50 EDA at 3 ("Under these circumstances, we find that appellant has waived all of his issues. The failure to file a concise statement with the court, even where a copy is served on the trial judge and an opinion addressing the issues has been drafted, serves to waive all issues on appeal."). This was a valid application of a firmly-established state rule of procedure. Section 1925(b) of the Pennsylvania Rules of Appellate Procedure provides:

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order

> directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
>> (1) *Filing and service.*--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) . . .
>>
>> (2) *Time for filing and service.*--The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement.

Pa. R. App. P. § 1925(b). Pennsylvania courts have developed a "bright line rule": "[T]he failure to comply with Pa. R. App. P. 1925(b) results in automatic waiver of issues on appeal." Commonwealth v. Shofield, 888 A.2d 771, 772 (Pa. 2005). Section 1925(b) is strictly enforced in Pennsylvania, and lower courts do not have discretion to overlook a petitioner's filing errors under the rule's terms. Comm. v. Hill, 16 A.3d 484, 492 (Pa. 2011) (stating that "the intermediate appellate courts do not have the discretion to countenance deviations from the Rule's requirements"); Comm. v. Castillo, 888 A.2d 775, 778-79 (Pa. 2005) (holding the Pennsylvania Superior Court erred when it chose to consider an issue raised in petitioner's 1925(b) Statement filed 6 days beyond the deadline); In re L.M., 923 A.2d 505, 510 (Pa. Super. 2007) ("Our Supreme Court has interpreted the rules surrounding Rule 1925(b) statements very strictly and has not hesitated to find waiver when a party does not conform precisely to these rules.").

In Commonwealth v. Shofield, the Pennsylvania Supreme Court held that Section 1925(b) is violated – and a petitioner's claims on appeal waived – when a petitioner serves a Section 1925(b) Statement on a trial judge but fails to file the Statement with a trial court. Even if the trial judge decides to adjudicate the claims in the Statement, those claims are deemed waived on appeal. Shofield, 888 A.2d at 772 (holding that although the "trial judge's P.A. R. A. 1925(a) Opinion . . . indicates his receipt of Shofield's pro se Pa. R. A. P. 1925(b) statement,"

the petitioner failed to comply with the rule and his claims were waived because "the document does not have a time stamp from the prothonotary of the lower court and is not included in the certified record"). Shofield is directly on point here.

In sum, the Court concludes the Pennsylvania Superior Court made a reasonable application of a well-established state rule of procedure and that rule provided an independent and adequate ground for its decision. The claims advanced in West's PCRA appeal – two of which he includes in his Petition presently, as Claims 3 and 4 —were waived under state law. As a result, those claims are procedurally defaulted in this forum.

Given that Claims 1, 2, 3 and 4 are all procedurally defaulted and that there are no remaining claims in West's Petition, the Petition should be denied.

### C. Motion to Amend

The Court affirms Magistrate Judge Rapoport's conclusion that West's Motion to Amend should be denied because it is time-barred. Under 28 U.S.C. § 2241(d)(1)(A), federal habeas petitioners have one year from the date their judgment becomes final to seek review. West's conviction became final on October 30, 2007. The 1-year limitations period began to run on that date; it was tolled between July 22, 2008 and November 24, 2012, during West's PCRA proceedings; and it resumed running thereafter and expired on February 24, 2012. West filed his Motion to Amend on March 16, 2012. Accordingly, the motion is time-barred.

## VI. Conclusion

For the forgoing reasons, the Court approves and adopts the R&R, subject to this Memorandum's discussion of why West's claims are procedurally defaulted, and overrules West's Objection. The Petition for Writ of Habeas Corpus and Motion to Amend are dismissed, and there is no basis for issuance of a certificate of appealability. An appropriate Order follows.